**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ares Collective Group LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>National Labor Relations Board, et al.,<br><br>Defendants. | No. CV-24-00517-TUC-SHR<br><br>**Order Denying TRO** |

Pending before the Court is Plaintiffs' "Application for Temporary Restraining Order and Preliminary Injunction" ("TRO Motion") filed pursuant to Federal Rule of Civil Procedure 65. (Doc. 2.) For the reasons stated below, the Court denies Plaintiffs' TRO Motion.

**I.    BACKGROUND**

Plaintiffs are two Arizona limited liability companies and one organization that operate eateries and a grocery facility in Tucson. (Doc. 1 at 7.) On September 2, 2021, one of Plaintiffs' former employees filed an unfair labor practice charge with the National Labor Relations Board (NLRB) against Plaintiff Flora's Market Run. (Doc. 1 at 7.) On October 23, 2024, the Regional Director of Region 28 of the NLRB filed a Consolidated Complaint against Plaintiffs as well as a Notice of Hearing. (Doc. 1 at 8.) On September 24, 2024, the Regional Director issued a Second Amended Consolidated Complaint with notice that a hearing on the former employee's claims would be held before an

Administrative Law Judge (ALJ) on October 28, 2024. (Doc. 1-2 at 3, 24.) The NLRB's amended complaint seeks "payment for consequential economic harm" Plaintiffs' former employee incurred as a result of Plaintiffs' alleged illegal conduct. (Doc. 1-2 at 22.) Plaintiffs answered the second amended complaint, asserting, among other things, affirmative defenses challenging the constitutionality of the scheduled hearing and NLRB's structure. (Doc. 1-2 at 30.)

On October 23, 2024, Plaintiffs filed a Complaint for Declaratory and Injunctive Relief, asking this Court to enjoin Defendants from subjecting them to "unconstitutionally structured administrative proceedings pending the final resolution of this action" and to "[p]ermanently enjoin[] Defendants from implementing or carrying out the unconstitutional removal-protection provisions" insulating NLRB ALJs and Board Members. (Doc. 1 at 17.) Also on October 23, Plaintiffs filed the instant TRO Motion seeking an order "enjoin[ing] unconstitutional administrative proceedings" against them. (Doc. 2 at 2.) Plaintiffs argue: (1) "the NLRB's quest for compensatory monetary damages in an administrative proceeding violates Plaintiffs' Seventh Amendment right to trial by jury"; 2) "the ALJ assigned to conduct the hearing will unconstitutionally exercise substantial executive power while being insulated from Presidential control through two layers of for-cause removal protection in violation of Article II of the United States Constitution"; and (3) "the NLRB Board Members are likewise unconstitutionally protected from the President's removal power and, more generally, Presidential control." (Doc. 2 at 2.)

## II.   LEGAL STANDARD

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (TROs are analyzed in substantially the same way as preliminary injunctions). A plaintiff seeking a TRO must establish: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3)

the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. When the government is a party, the last two of the four factors—the balance of the equities and the public interest—merge. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). The first factor, likelihood of success on the merits, is "the most important *Winter* factor." *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) ("[I]f a movant fails to meet this threshold inquiry, the court need not consider the other factors."). However, in the Ninth Circuit, a temporary restraining order is warranted where "serious questions going to the merits" exist and a "hardship balance . . . tips sharply toward the plaintiff"—provided the other two elements of the *Winter* test are also met. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011); *see also Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (describing serious questions going to the merits as "a lesser showing than likelihood of success on the merits"). Regardless of which standard applies, the movant "carries the burden of proof on each element of either test." *Env't. Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

### III.   DISCUSSION

Plaintiffs contend (1) the scheduled proceeding before an NLRB ALJ will violate their Seventh Amendment right to a jury trial (Doc. 2 at 6–8), and (2) the NLRB ALJs and Board Members are unconstitutionally insulated from removal by the President by two layers of "for cause" employment protection. (Doc. 2 at 3, 10.) Even assuming Plaintiffs are likely to succeed on the merits of these claims, the Court finds they fail to show irreparable harm and are therefore not entitled to a TRO enjoining the NLRB proceeding. *See Winter*, 555 U.S. at 20.

Plaintiffs claim they will suffer irreparable harm without the Court's intervention because they "will be forced to undergo an unconstitutional proceeding before an insufficiently accountable ALJ and NLRB, without the jury trial to which [they are] entitled." (Doc. 2 at 12.) Further, Plaintiffs argue, the "economic burdens" associated with preparing for and participating in the hearing "separately constitute irreparable harm." (*Id.*

at 13.) These arguments fail to meet the standard that the Supreme Court has established and the Ninth Circuit has reiterated: "[t]he key . . . is demonstrating that the unconstitutional provision actually caused the plaintiff harm." *Decker Coal Co. v. Pehringer*, 8 F.4th 1123, 1137 (9th Cir. 2021); *see Collins v. Yellen*, 594 U.S. 220, 260 (2021) (shareholders needed to show the unconstitutional removal restriction—not simply the agency's actions—"cause[d] harm" to be entitled to retrospective relief); *see also YAPP USA Auto. Sys., Inc. v. NLRB*, 2024 WL 4489598, *2–3 (6th Cir. 2024) (plaintiff not entitled to preliminary injunction where it failed to show the removal protections for NLRB officials would cause harm).

Here, even assuming the alleged constitutional infirmities exist, Plaintiffs fail to show how this Court's failure to grant temporary relief will cause irreparable harm. First, nothing about the NLRB proceedings will permanently deprive Plaintiffs of their Seventh Amendment right. Rather, as detailed in the NLRA, Plaintiffs can seek review of the NLRB's decision in the court of appeals. Second, merely highlighting the fact there is a two-layer removal system in place does not establish the causal link between the removal restrictions and their impact on the upcoming proceeding. Even assuming the two-layer removal system could cause a per se harm to Plaintiffs, this harm can be completely extinguished by the court of appeals vacating an ALJ's decision. Lastly, the timing of this TRO Motion undermines Plaintiffs' irreparable harm argument. For nearly a year, Plaintiffs were on notice of the nature of the remedy sought and the fact that the NLRB ALJ would hold a hearing. As Plaintiffs admitted at today's hearing, it was a strategic decision to wait until two business days before the NLRB's scheduled hearing to file this Motion. The Court finds this delay weighs against granting the TRO Motion.

### IV. CONCLUSION

**IT IS ORDERED** Plaintiffs' TRO Motion (Doc. 2) is **DENIED**.

Dated this 25th day of October, 2024.

Honorable Scott H. Rash
United States District Judge